# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**FILED**

**APR 28 2022**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

<u>Olamide Halimah Giwa</u>
(Name of Petitioner)

v.

<u>Merrick B. Garland, Attorney General</u>
(Name of Respondent)

Petition for Review

Agency No. <u>A-207-718-014</u>

<u>Olamide Halimah Giwa, by and through counsel,</u> hereby petition the court for review of the Order of the <u>Board of Immigration Appeals</u> entered on the <u>1st</u> day of <u>December</u>, 20<u>21</u>.

_____
Attorney for Petitioner(s)

Address: <u>Farhad Sethna, OH 0051650</u>

<u>141 Broad Blvd, Ste 101</u>

<u>Cuyahoga Falls, OH 44221</u>

04/12/2016



## U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*



SETHNA, FARHAD
LAW OFFICES OF FARHAD SETHNA
141 BROAD BOULEVARD SUITE 101
CUYAHOGA FALLS OH 44221

DHS/CIS - CLEVELAND, OH
1240 E. 9TH STREET, ROOM 501
CLEVELAND OH 44199

Name: GIWA, OLAMIDE HALIMAH          A 207-718-014

Date of this Notice:  12/1/2021

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Wilson, Earle B.

Userteam: Docket

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Olamide Halimah GIWA, A207-718-014

Beneficiary

Mobolaji Shuaib Giwa, Petitioner

**FILED**

DEC -1 2021

ON BEHALF OF PETITIONER: Farhad Sethna, Esquire

ON BEHALF OF DHS: Betty J. Konen, Associate Counsel

IN VISA PETITION PROCEEDINGS
On Appeal from a Decision of the Department of Homeland Security, Cleveland, OH

Before: Wilson, Appellate Immigration Judge

Opinion by Appellate Immigration Judge Wilson

WILSON, Appellate Immigration Judge

    The petitioner appeals from the Field Office Director's ("Director") April 4, 2019, decision denying the visa petition submitted on behalf of the beneficiary as the spouse of a United States citizen. *See* section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2018). The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.

    We review all questions arising in appeals from decisions of United States Citizenship and Immigration Services ("USCIS") officers de novo. *See* 8 C.F.R. § 1003.1(d)(3)(iii) (2020).

    The Director denied the instant visa petition pursuant to section 204(c) of the Act, 8 U.S.C. § 1154(c). Under section 204(c) of the Act, a visa petition cannot be granted on behalf of a beneficiary who has sought to be accorded immediate relative or preference status as the spouse of a United States citizen or lawful permanent resident by reason of a marriage determined to have been entered into for the purpose of evading the immigration laws. The evidence of a fraudulent marriage "must be documented in the alien's file and must be substantial and probative." *Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990); *see also Matter of P. Singh*, 27 I&N Dec. 598 (BIA 2019). We have reviewed the record of proceedings, including the April 4, 2019, decision of the Director, the February 5, 2019, Notice of Intent to Deny (NOID), the petitioner's response to the NOID, and the parties' arguments on appeal.

A207-718-014

Based on our review of the evidence of record, we adopt and affirm the April 4, 2019, decision of the Director denying the petitioner's visa petition pursuant to section 204(c) of the Act. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994). The record supports a finding, by substantial and probative evidence that the beneficiary's prior marriage was entered into for the purpose of evading the immigration laws. *See Matter of Tawfik*, 20 I&N Dec. at 167. Further, contrary to the petitioner's assertion, we determine that the Director properly considered and weighed the evidence of record and made an independent conclusion with regard to the applicability of section 204(c) of the Act even though the prior petition had been withdrawn. *Id.* at 168; *see also* 8 C.F.R. § 103.2(15). Thus, section 204(c) of the Act applies in the instant case and serves to bar the approval of the visa petition filed by the petitioner on the beneficiary's behalf.

The petitioner proffers additional evidence on appeal. Where, as here, a petitioner has been put on notice of a deficiency in the evidence and has been given an opportunity to respond to that deficiency, this Board will not consider evidence offered for the first time on appeal. *See Matter of Soriano*, 19 I&N Dec. 764, 766 (BIA 1988); *see also Matter of Obaigbena*, 19 I&N Dec. 533, 537 (BIA 1988). Under the circumstances, we need not and do not comment on the sufficiency of the evidence offered on appeal.

Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

2